# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 4:11CR196 |
| v. § | |
| § | |
| URIEL RAYO NAVARRO (9) § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress Evidence (Dkt. 817). After considering the evidence presented and the arguments of counsel at the hearing held on July 24, 2013, the Court finds that the motion should be DENIED.

Defendant Uriel Rayo Navarro is charged in this matter with conspiracy to manufacture or distribute or possess with intent to manufacture or distribute heroin, cocaine, cocaine base ("crack"), methamphetamine, marijuana or 3,4 methylenedioxymethamphetamine ("ecstasy") in violation of 21 U.S.C. § 846. In his motion, Defendant seeks to suppress all evidence and statements resulting from the search of 3853 Lenel Drive, Dallas, Texas on September 28, 2011. Officers seized, among other things, currency, a .380 caliber handgun, along with ammunition, cell phones, ID cards, and a telephone list from the Lenel Drive house. No narcotics were found in the residence.

1

Defendant was, however, arrested after the search since he was in the country illegally. At the time of his arrest, Defendant signed a consent form allowing law enforcement officers to search an apartment located at 14350 North Dallas Parkway, #2078 in Dallas, Texas as well as a Chevrolet Impala and a Dodge Neon that were located at the apartment.

The Lenel Drive residence was searched pursuant to a search warrant. The affidavit in support of the search warrant indicates that Affiant Todd Conway received information from Dallas Police Officer O. Carrasco that an individual named Antonio Jaimes told Officer Carrasco that he had been purchasing cocaine in quantities of 2 to 3 ounces per week for approximately two months from individuals at the Lenel Drive residence. According to the affidavit, Jaimes also stated in this interview that these individuals kept large amounts of cocaine and money inside the home. In the affidavit, Conway stated that he believed that this information was true and correct because it was against Jaimes's penal interests and because Conway was able to corroborate Jaimes's testimony through surveillance information about the residence as well as through information provided by Officer Carrasco. *See* Dkt. 870-1.

In his motion, Defendant argues that the Court should suppress: (1) evidence seized during the execution of the search warrant at Lenel Drive house because he believes that the affidavit supporting the warrant was not supported by probable cause, not detailed enough and contained a material falsehood; (2) evidence seized from the search of the apartment located at 14350 North Dallas Parkway and the two cars there because Defendant argues that his written consent to the search was "coerced"; and (3) any statements made to law enforcement on September 28, 2011 and

October 19, 2011, as having been taken in violation of his *Miranda* rights.

In response, the Government argues that the Court should deny the motion to suppress because: (1) officers relied in good faith on the search warrant of the Lenel Drive house, which was signed by a state judge, and probable cause supported it; (2) Defendant consented in writing to the search of the apartment and cars, and Defendant's claim that his consent was coerced is baseless; and (3) Defendant was given *Miranda* warnings before he spoke with law enforcement.

## **EVIDENCE PRESENTED**

At the hearing, the Government offered the testimony of Todd Conway, a Dallas Police narcotics detective. Conway testified that he was the affiant who prepared and swore to the affidavit before state district judge for search of 3853 Lenel Drive. Conway testified that the information contained in the affidavit was based on information provided to him by another police officer, Offier Carrasco. According to Conway, the information was corroborated by separate surveillance.

Conway conceded that he had not personally conducted any surveillance on the residence but stated that he believed that there was probable cause and legal authority to search the residence. According to Conway, the state district judge who issued the warrant spent approximately five minutes reading the affidavit before signing it and had no questions regarding the affidavit before signing it. Conway testified that he was present at the Lenel Drive residence for the execution of the search warrant. The affidavit was offered into evidence at the hearing.

The Government also offered testimony from Dallas Police Officer Antonio Aleman, a 15-year veteran with the Department's gang unit and a native Spanish speaker who uses his Spanish

language skills in his work as a police officer. Aleman testified that he was present for the execution of the search warrant at the Lenel Drive residence and assisted in interviewing Defendant upon the execution of the search warrant. According to Aleman, it was still daylight out when the warrant was executed.

Aleman stated that the police officers had their weapons drawn when they entered the residence, but that all weapons were holstered while Defendant was being interviewed. Upon entering the residence, Defendant was placed under arrest because he was in the country illegally. Aleman testified that he read Defendant his *Miranda* rights from a card in Spanish. Aleman testified that he then asked Defendant if he would waive his rights and agree to speak with law enforcement, and Defendant told him that he would talk to them. The Government offered into evidence a Spanish and English version of the *Miranda* card read to Defendant.

Aleman testified that, during the interview, Defendant expressed concern for his family members. According to Aleman, although Defendant was initially upset, he began to calm down as the interview progressed. Aleman also testified that Defendant's family members were not handcuffed or restrained while Defendant was being questioned outside the Lenel Drive residence. The Government offered pictures of these family members on the day of Defendant's arrest as an exhibit at the hearing.

Aleman testified that, after Defendant was *Mirandized*, they began talking about another residence, an apartment located at 14350 North Dallas Parkway #2078, Dallas, Texas. Aleman testified that Officer Carrasco read Defendant a consent to search form in Spanish. Defendant then

4

asked to read the form himself. After that, Aleman witnessed Defendant signing the consent waiver form, first with an alias ("Baltar Noriega"), and then (after an on-sight fingerprint machine confirmed Defendant's identity) with his real name in print.

Aleman testified that Defendant's demeanor was calm and cooperative during the interview and when he signed the consent form. According to Aleman, Defendant did not appear to be under the influence of any drugs or alcohol or anything that would affect his judgment making ability.

Aleman testified that, after signing the form, Defendant led the officers to the apartment residence and also consented to a search of two vehicles located at that residence. At that time, Aleman testified, the two vehicles were added to the signed consent form. According to Aleman, Defendant originally told officers that he had sold both vehicles, but they were later found to be still registered to Defendant's alias and Defendant's mother. Aleman did not know whether the vehicles were locked or whether officers used keys to access them. During the search of the apartment Aleman remained with Defendant, and, according to Aleman, Defendant did not indicate at any time that he wished the revoke his consent to search. The Government offered the signed consent to search form into evidence.

Defendant offered no witnesses or evidence at the hearing.

## **ANALYSIS**

The Court first addresses Defendant's argument that the search warrant was invalid. Probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable

doubt, but only a showing of the probability of criminal activity." *United States v. Daniel,* 982 F.2d 146, 151 (5th Cir. 1993). Rather, probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of a search warrant, a court must "make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found at a particular place." *United States v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

The Court finds that, based on the totality of the circumstances, the affidavit set forth sufficient probable cause to search the Lenel Drive residence. Conway's affidavit was based on credible information given against an individual's penal interests and contains sufficient information to connect the home to illegal drug trafficking. *U.S. v. Sibley*, 448 F.3d 754, 758 (5th Cir. 2006) (finding that there was sufficient information in an affidavit such that it was not unreasonable to believe there was probable cause to search an apartment where information in the affidavit linked the defendant to the apartment and to possession of marijuana and the apartment and its occupants to prior drug activity).

Moreover, even if probable cause had been insufficient here – which the Court finds that it was not – having heard the testimony offered, the Court finds that sufficient evidence was presented to show that officers acted in good faith reliance on the search warrant when executing it. Under the good faith exception to the exclusionary rule, evidence is admissible if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a

6

detached and neutral magistrate. *United States v. Leon*, 468 U.S. 897, 927-28 (1984). Nothing was presented to the Court to indicate that any of the information contained in the affidavit was deliberately false or misleading and Conway testified under oath that he believed he had legal authority to search the residence. Therefore, the search will not be suppressed on that basis.

Finding that the affidavit was based on probable cause and executed in good faith, the Court next turns to Defendant's request to suppress his statements made to law enforcement after his September 28, 2011 arrest.[1] The Court finds that there is no basis to suppress such statements. In order for the Government to introduce Defendant's statements, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and that the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id.*

At the hearing, Aleman testified that Defendant was administered his *Miranda* warnings in Spanish and that Defendant waived those rights. Although Defendant was handcuffed, no testimony was presented that would suggest Defendant was coerced by any conditions or actions to make such a waiver invalid. Having heard the testimony presented, the Court finds that Defendant made a knowing and voluntary waiver of his *Miranda* rights and was not coerced or threatened by law enforcement officers to do so. Therefore, his oral statements should not be suppressed.

---

[1] At the hearing, Defendant withdrew any objections regarding any statements made at his October 19, 2011 interview with the FBI.

For these same reasons, the Court finds that Defendant was not coerced into signing the written consent form to search his apartment and vehicles. A search pursuant to consent is a well-settled exception to the Fourth Amendment's warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *United States v. Tompkins* 130 F. 3d 117, 121 (5th Cir. 1997). The Government must prove that consent was freely and voluntarily given, which is to be determined from the totality of the circumstances surrounding the search. *Id.*

Aleman testified that Defendant had the form read to him in Spanish and that Defendant also read it himself before signing it (twice), that Defendant was calm and cooperative, and that Defendant led law enforcement from the Lenel Drive residence to the apartment. As to the cars found at the apartment, the Court finds that Defendant's consent also extends to them. The vehicle registrations were in the name of his alias and his mother, Defendant originally claimed ownership of the cars which were parked at his apartment, and the keys were apparently inside. Because the evidence offered in this matter satisfies the Government's burden of showing that consent was voluntarily given, the search was lawful and the evidence will not be suppressed.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress Evidence (Dkt. 817) be DENIED.

***Based on the agreement of the parties to shorten the time period to object to this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge on or before August 6, 2013. Any responses to those objections shall be filed no***

*later than August 8, 2013.*

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). 28 U.S.C.A. § 636(b)(1)(c).

**SIGNED this 26th day of July, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE