# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:11-CR-196 |
| | § | |
| URIEL RAYO NAVARRO (9) | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

Movant filed a motion to appoint counsel to assist him with filing a motion for relief pursuant to 28 U.S.C. § 2255.  The United States Supreme Court has explained that there is no constitutional right to appointed counsel in collateral proceedings such as a motion to vacate, set aside, or correct sentence.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *United States v. Gaytan-Ortiz*, 308 F. App'x 798, 800 (5th Cir. 2009); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008).  Furthermore, Rule 8(c) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* provides that the presiding judge shall appoint counsel for a movant if an evidentiary hearing is required and the movant qualifies for appointment of counsel under 18 U.S.C. § 3006A.  The Fifth Circuit has noted that the decision to appoint counsel is committed to the sound discretion of the district court and appointment is not required unless an evidentiary hearing is necessary. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994).  In the present case, the court has not yet determined whether an evidentiary hearing will be necessary.  It is accordingly

**ORDERED** that the motion for appointment of counsel (docket entry #1463) is **DENIED**. The Court directs the Clerk of the Court to provide Defendant with a copy of a standard § 2255 motion.

**SIGNED** this 28th day of July, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE